UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ROXANNA HURST,

    Plaintiff,

vs.

VILLAGE OF ENON, OHIO, *et al.*,

    Defendants.

Case No. 3:14-cv-52

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. 20) BE GRANTED ON THE MERITS AND THIS CASE BE TERMINATED ON THE COURT'S DOCKET; OR, ALTERNATIVELY (2) THIS CASE BE DISMISSED FOR PLAINTIFF'S FAILURE TO PROSECUTE AND TERMINATED ON THE COURT'S DOCKET**

---

    This civil case is before the Court on Defendants' motion for summary judgment. Doc. 20. *Pro se* Plaintiff Roxanna Hurst ("Hurst")[2] did not file a memorandum in opposition to Defendants' motion, and the time for doing so has expired. As a result, Hurst has failed to come forward with any affidavits, deposition testimony, or other Rule 56 evidence in response to Defendants' properly supported summary judgment motion. The Court has carefully considered all of the documents before it, and Defendants' unopposed motion for summary judgment is now ripe for decision.

    In addition to Defendants' motion for summary judgment, this case is also before the Court on two Orders directing Hurst to show cause: (1) as to why this case should not be

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Hurst originally filed this case through counsel. *See* doc. 1. On December 2, 2014, the Court granted a motion by Hurst's counsel to withdraw. *See* doc. 16; *see also* Notation Order dated Dec. 2, 2014. No attorney subsequently entered an appearance on behalf of Hurst and, as a result, the Court deemed her to be proceeding *pro se*.

dismissed for her failure to update her contact information as previously ordered; and (2) as to why summary judgment should not be granted for the reasons set forth in Defendants' motion for summary judgment. Docs. 17, 23. Hurst has failed to respond to either Show Cause Order.

## I.

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 47-248 (1986). "Summary judgment is only appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Keweenaw Bay Indian Comm. v. Rising*, 477 F.3d 881, 886 (6th Cir. 2007) (quoting Fed. R. Civ. P. 56(c)). "Weighing of the evidence or making credibility determinations are prohibited at summary judgment -- rather, all facts must be viewed in the light most favorable to the non-moving party." *Id*.

Once "a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading[.]" *Viergutz v. Lucent Technologies, Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010) (citation omitted). Instead, the party opposing summary judgment "must -- by affidavits or as otherwise provided in this rule -- set out specific facts showing a genuine issue for trial." *Id*. (citation omitted). In fact, Fed. R. Civ. P. 56(c) states that "[a] party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . or . . . showing that the material cited do not establish the absence . . . of a genuine dispute[.]" Where "a party fails . . .

to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

## II.

As noted, Hurst did not oppose Defendants' motion for summary judgment, thus failing to cite any specific evidence contradicting the facts presented in the affidavits of: (1) Lew Wilcox, the Village of Enon's ("Enon") Chief of Police; (2) Mike Holler, a sergeant with the Enon Police Department ("Department"); and (3) Tim Howard, the Enon's mayor. Docs. 20-1, 20-2 and 20-3. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the [C]ourt may . . . consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2). In light of Hurst's failure to present and/or cite any Rule 56 evidence in opposing Defendants' motion for summary judgment, for purposes of deciding this motion, the Court accepts, as true, the facts presented by Wilcox, Holler and Howard. *See id*; *see also Travelers Cas. & Sur. Co. of Am. v. J.O.A. Constr. Co., Inc.*, 479 F. App'x 684, 692 (6th Cir. 2012).

Hurst worked as a part-time police officer for Enon before being appointed as a full-time probationary police officer in December of 2012. Doc. 20-1 at PageID 76. Prior to becoming a full-time probationary police officer, Hurst received and acknowledged the Department's policies, rules, and regulations, which included the Uniform Standards of Conduct. *Id*. The first standard of conduct requires that each police officer conduct themselves, both on duty and off duty, in a manner that does not damage or have the probable expectations of damaging or bringing the public image, integrity, or reputation of the Enon Police Department into discredit or disrepute. *Id*.; *see also* doc. 20-1 at PageID 155.

While still a probationary employee, Hurst requested, and was granted, sick leave for the week of May 20, 2013 to recover from mononucleosis. Doc. 20-2 at PageID 200. On May 21, 2013 -- *i.e.*, the next day -- Hurst was observed at her residence, shoveling mulch from a truck and into flower beds. *Id*. at PageID 200-01. Hurst's activity while on sick leave was reported to Holler, who thereafter called Hurst to tell her that her activity while on sick leave could negatively impact the Department's public image, and that she needed to refrain from activity giving the appearance that she was abusing her sick leave.[3] *Id*. at PageID 201. In response, Hurst snapped at Holler, arguing that she "has mono, not a broken leg," and that she thought she was perfectly capable of performing manual labor at home, despite also acknowledging that her doctor told her she needed rest. *Id*.

Thereafter, despite Holler's directive that Hurst not engage in any activity that would appear as an abuse of her sick leave, Hurst attended a public function in Springfield, Ohio on May 24, 2013. *Id*. at 201. On or after May 24, 2013, Holler informed Chief Wilcox of the foregoing facts. Doc. 20-1 at PageID 78. Wilcox placed Hurst on unpaid administrative leave and informed Mayor Howard of the situation. Doc. 20-2 at PageID 201; *see also* doc. 20-1 at PageID 78; doc. 20-3 at PageID 204-05. On May 30, 2013, Mayor Howard sent a letter to Hurst advising her that her probationary employment with the Department was being terminated for her conduct the week of May 20, 2013. Doc. 20-3 at PageID 205.

### III.

Hurst alleges gender discrimination in violation of Title VII, 42 U.S.C. § 2000e-2, and the corollary state law, Ohio Rev. Code § 4112, *et seq.*. Doc. 1 at PageID 6-7. She also alleges,

---

[3] Subsequently, a different Enon resident asked Holler about Hurst doing yard work while on sick leave. *Id*. at PageID 200-01.

under 42 U.S.C. § 1983 and with regard to gender, a violation of the Fourth Amendment's Equal Protection Clause. Doc. 1 at PageID 6-7.

Where, as here, Plaintiff presents no direct evidence of gender discrimination, such claims are "analyzed pursuant to *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), as modified by *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248 ... (1981)." *Bartlett v. Gates*, 421 F. App'x 485, 488 (6th Cir. 2010).[4] "To make a prima facie showing of discrimination, a plaintiff must establish that he or she (1) 'was a member of a protected class'; (2) 'suffered an adverse employment action'; (3) 'was qualified for the position'; and (4) 'was replaced by someone outside the protected class or was treated differently than similarly-situated, non-protected employees.'" *Colvin v. Veterans Admin. Med. Ctr.*, 390 F. App'x 454, 457 (6th Cir. 2010). These same elements apply where one alleges "a violation of the [E]qual [P]rotection [C]lause under § 1983[.]" See *Jachyra v. City of Southfield*, No. 95-1009, 1996 WL 520795, at *3 (6th Cir. Sept. 12, 1996).

Defendants argue, *inter alia*, that Hurst cannot demonstrate the fourth element of a *prima facie* case of discrimination, *i.e.*, that she was replaced by someone outside the protected class or treated differently than a similarly situated person outside the protected class. Doc. 20 at PageID 66-70. The undersigned agrees and finds Hurst's failure to evidence the fourth element of the *prima facie* case dispositive of all of her claims. The undisputed record before the Court presents no evidence that either a male replaced Hurst following her termination or that a

---

[4] "Under Ohio law . . . [gender] discrimination claims under Ohio Revised Code § 4112 are analyzed according to the same standards used to analyze federal discrimination claims under Title VII." *Myers v. Cuyahoga Cnty, Ohio*, 182 F. App'x 510, 517 n.3 (6th Cir. 2006).

similarly situated male officer was treated differently.[5]  Thus, Hurst fails to meet her burden on summary judgment to demonstrate the existence of a genuine issue of material fact in this regard. Accordingly, the undersigned finds Defendants' motion for summary judgment on Hurst's gender claims -- under Title VII, Ohio Rev. Code Chapter 4112, and § 1983 -- should be granted as a matter of law.

### IV.

Assuming, *arguendo*, that a genuine issue of fact existed on this point -- which does not -- the undersigned would recommend that this case be dismissed for Hurst's failure to prosecute because she did not respond to not one, but two Orders to Show Cause: first, for her failure to provide the Court with her contact information; second, for her failure to file a memorandum in opposition to Defendants' summary judgment motion.  Docs. 17, 23.  Hurst's two failures to respond, after being order to do so by the Court, justify dismissal of this action for her lack of prosecution.  *See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962); *see also Jourdan v. Jabe*, 951 F.2d 108, 109-110 (6th Cir. 1991).  Though Hurst is presently proceeding *pro se*, "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."  *McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

### V.

Accordingly, based on all of the foregoing, the undersigned **RECOMMENDS** that Defendants' motion for summary judgment (doc. 20) be **GRANTED** on the merits and that this

---

[5] "A probationary period of employment permits a company to weed out or eliminate undesirable employees." *Cooper v. City of N. Olmsted*, 795 F.2d 1265, 1270-71 (6th Cir. 1986) (citation omitted).  When analyzing whether persons are similarly situated for purposes of an employment discrimination claim, probationary employees generally "do not stand on equal footing with permanent [employees], and cannot be considered to be similarly situated." *Id.*

case be **TERMINATED** on the Court's docket.  Alternatively, the undersigned **RECOMMENDS** that this case be **DISMISSED** for Plaintiff's failure to prosecute and **TERMINATED** on the Court's docket.  The Clerk is **ORDERED** to mail a copy of this Report and Recommendation to *pro se* Plaintiff at her address of record.


Date:   April 8, 2015                              *s/ Michael J. Newman*
                                                   Michael J. Newman
                                                   United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).